UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| ROGELIO MARTINEZ<br><br>Plaintiff,<br><br>v.<br><br>CWC TRANSPORTATION, LLC,<br><br>Defendant. | Case No. |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ROGELIO MARTINEZ, by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, CWC TRANSPORTATION, LLC.

### NATURE OF THE CASE

1. This is an action brought by Plaintiff ROGELIO MARTINEZ, (hereafter "Plaintiff") against his former employer, Defendant CWC TRANSPORTATION, LLC (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendant had a practice of not compensating Plaintiff for hours worked in excess of forty in a workweek at 1.5 times Plaintiff's regular rate of pay. Consequently,

Defendant was not fully compensating all hours worked in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Venue is proper in the Ft. Lauderdale Division of the Southern District of Florida. Broward County has the greatest nexus with the cause because it is one of the places where Plaintiff provided services and one of the principal locations where Defendant conducted business.

## PARTIES

5. Plaintiff, ROGELIO MARTINEZ, a resident of Hillsborough County, was a former employee of Defendant who worked at CWC TRANSPORTATION, LLC out of Ft. Lauderdale/Sunrise, Florida (prior to transferring to Tampa in May of 2018).

6. Defendant CWC TRANSPORTATION, LLC is a for profit corporation organized and existing under and by virtue of the laws of the State of Florida, dedicated to the transportation of fuel, with offices in 1093 Shotgun Rd., Sunrise, FL 33326.

## COVERAGE

7. Defendant CWC TRANSPORTATION, LLC is and was at all relevant times an enterprise engaged in commerce or in the production of

goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

8. DEFENDANT CWC TRANSPORTATION, LLC engaged in commerce, *inter alia,* by purchasing "base gasoline" outside the State of Florida, through various suppliers or refiners located outside the state of Florida and moving it in interstate commerce to within the State of Florida into various fuel storage terminals located at Port Everglades and Tampa. At the time such gasoline was moved into the State of Florida, it was not moved with a particular end-purchaser in mind. Rather, the gasoline was stored in storage terminals located in Tampa and Port Everglades.

9. When "jobbers" or other customers within the state of Florida would periodically make "brand gasoline" purchases created, in part, from "base gasoline" stored by Defendant in its storage terminals in Tampa or Port Everglades, the "base gasoline" was *then* mixed by Plaintiff (and other truckers working for Defendant), at the fuel storage terminals with, *inter-alia,* various fuel additives, octane content, fuel detergents, and ethanol, in order to create various different "branded gasoline" products ordered. Using a purchase order which Plaintiff would enter into a computer, Plaintiff would mix the "base gasoline" with the various cleaners, detergents, octane content, ethanol, etc., at

the storage terminal, then deliver it within the state of Florida based on the "jobber's" (or other customer's) order.

10. Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

11. Defendant CWC TRANSPORTATION, LLC was an employer within the definition of the FLSA, 29 U.S.C. § 203.

12. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

## FACTUAL BACKGROUND

13. Plaintiff ROGELIO MARTINEZ was employed by Defendant

14. Plaintiff held a driver position at the time of separation. As part of his job duties, Plaintiff drove a truck within the State of Florida. Defendant would indefinitely store "base gasoline" in storage terminals located in Port Everglades and Tampa. When a purchase order was made within the State of Florida for "branded gasoline," Plaintiff would take Defendant's "base gasoline" stored at the fuel storage terminals in Port Everglades or Tampa, and, depending on the "branded gasoline" product ordered by the "jobber" or other customer, Plaintiff would use a computer to mix it with, *inter-alia,* various fuel additives, detergents, octane content and ethanol, in order to create the "branded gasoline" product ordered, pump it into the Defendant's truck, and drive it to

various locations within the State of Florida such as, *inter alia,* Naples, Ft. Meyers and Cape Coral.

15. The "jobbers" would then sell these "branded gasolines" orders to various retail gas stations within the State of Florida in order to fill purchase orders from their customers, i.e., the retail gas stations.

16. Plaintiff's was paid at an hourly rate for his work.

17. During his employment with Defendant, Plaintiff did not satisfy the requirements for overtime exemptions set forth in the FLSA and never transported fuel across state lines nor outside the state of Florida.

18. During the period covered by Plaintiff's employment, Plaintiff regularly worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay for hours worked in excess of forty in a workweek.

19. Defendant was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation, because Plaintiff complained about not being paid for overtime hours at 1.5 times his regular rate of pay, but Defendant did not cure the ongoing FLSA violations.

20. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

21. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to

29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

22. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs **1 through 21** above.

23. Plaintiff regularly worked in excess of forty (40) hours in a workweek for Defendant, and Defendant failed to pay Plaintiff at 1.5 Plaintiff's regular rate of pay for all hours Plaintiff worked in excess of forty (40) in a workweek as required by the FLSA.

24. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

25. Defendant was aware that Plaintiff was working hours in excess of forty in a workweek, but failed to cure the ongoing overtime violations. Defendant was aware, *inter alia,* because Plaintiff complained about his pay.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest, in the absence of liquidated damages;

d. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial to the extent authorized by law.

Dated: July 22, 2018.

Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

*s/ Cynthia Gonzalez*
Cynthia M. Gonzalez
Florida Bar No. 53052
cynthia@wagesdue.com

*s/ Luis Roberto Amadeo*
Luis Roberto Amadeo
Florida Bar No. 0565865
amadeo@wagesdue.com

*Attorneys for Plaintiff*