UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 0:18-cv-61684-FAM

ROGELIO MARTINEZ,

    Plaintiff,

v.

CWC TRANSPORTATION, LLC,

    Defendant.

_____/

### **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, CWC Transportation, LLC. ("Defendant"), files this Answer and Affirmative Defenses to the complaint filed by Plaintiff, Rogelio Martinez ("Plaintiff"), as follows:

### **ANSWER**

1. Defendant admits that this is an action under the Fair Labor Standards Act ("FLSA"); however, Defendant denies any liability and denies that Plaintiff is entitled to any damages whatsoever.

2. Denied.

3. Defendant admits that this Court has jurisdiction over actions brought pursuant to the FLSA; however, Defendant denies any liability and denies that Plaintiff is entitled to any damages whatsoever.

4. Defendant admits that venue is proper; however, Defendant denies any liability and denies that Plaintiff is entitled to any damages whatsoever.

5. Defendant admits that Plaintiff is a former employee who worked out of Fort Lauderdale/Sunrise, Florida. Defendant is without knowledge of Plaintiff's county of residence and therefore denies same. Defendant denies all other remaining allegations in paragraph 5.

6. Admitted.

7. Defendant admits that it is engaged in commerce and covered by the FLSA. Defendant denies all other remaining allegations in paragraph 7.

8. Denied.

9. Denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant admits that Plaintiff's time and payroll records are in its custody and control. Defendant denies all other remaining allegations in paragraph 21.

**CASE NO. 0:12-cv-61776-KMW**

**Count I: Recovery of Overtime Compensation Under the FLSA**

22. Defendant realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 21 of the Complaint.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 26 of the Complaint.

**Jury Trial Demand**

Defendant admits that Plaintiff seeks a jury trial.

**GENERAL DENIAL**

Defendant denies all allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

2. Plaintiff's claims are barred to the extent that they are beyond the applicable statute of limitations.

3. Plaintiff's FLSA claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because all actions taken by Defendant in connection with Plaintiff's compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations,

administrative practices, and/or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

4. Plaintiff's claims are barred to the extent that he worked any unreported hours and did so in violation of company policy and/or concealed the facts from Defendant.

5. Plaintiff's claims for liquidated damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

6. Any portion of Plaintiff's claim arising more than two years prior to the date upon which his Complaint was filed is barred by the limitations period contained in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

7. Plaintiff has been paid in full relative to his employment with Defendant.

8. Plaintiff's claims are barred because the work performed falls within the motor carrier overtime exemption provided for in Section 13(b)(1) of the FLSA, 29 U.S.C. § 213(b)(1).

9. Plaintiff has been properly compensated under the FLSA for all hours of work relative to his employment with Defendant.

10. Defendant is entitled to a set-off in the amount of any overpayments made to or benefits conferred upon Plaintiff beyond the compensation and benefits agreed to by the parties both at the commencement of Plaintiff's employment and at all times during his employment.

11. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

**CASE NO. 0:12-cv-61776-KMW**

12. Defendant reserves the right to assert additional affirmative or special defenses based upon the information learned through informal or formal discovery or further proceedings in this litigation.

WHEREFORE, Defendant asserts that Plaintiff should take nothing in this action, and that Defendant should recover its costs and attorney's fees in this matter, together with such other and further relief as the Court deems just and proper.

Date: August 21, 2018                                              Respectfully submitted,

By: */s/ David A. Buchsbaum*
David A. Buchsbaum
Fla. Bar No. 0117961
dbuchsbaum@fisherphillips.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendant*

**CASE NO. 0:12-cv-61776-KMW**

## CERTIFICATE OF SERVICE

I hereby certify that on **August 21, 2018**, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

                */s/ David A. Buchsbaum*
David A. Buchsbaum
Fla. Bar No. 0117961
dbuchsbaum@fisherphillips.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendant*

**CASE NO. 0:12-cv-61776-KMW**

**SERVICE LIST**
**United States District Court – Southern District of Florida**
**Rogelio Martinez v. CWC Transportation, LLC**
**CASE NO. 0:18-cv-61684-FAM**

| | |
|---|---|
| Cynthia Gonzalez (Fla. Bar No. 53052)<br>cynthia@wagesdue.com<br>Luis Roberto Amadeo<br>amadeo@wagesdue.com<br>Cynthia Gonzalez P.A.<br>4023 North Armenia Avenue, Suite 240<br>Tampa, Florida  33607<br>Telephone:     (813) 333-1322<br>Facsimile:      (866) 593-6771<br><br>*Attorneys for Plaintiff* | David A. Buchsbaum<br>dbuchsbaum@fisherphillips.com<br>FISHER & PHILLIPS LLP<br>450 East Las Olas Boulevard<br>Suite 800<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 525-4800<br>Facsimile: (954) 525-8739<br><br>*Attorneys for Defendant* |